# Joseph C. Wood

| | |
|---|---|
| **From:** | Joseph C. Wood |
| **Sent:** | Monday, October 10, 2022 3:41 PM |
| **To:** | Edward Wimp |
| **Cc:** | M Arcadier; Michael Augello; Jerryliane Castro |
| **Subject:** | Lynch v. Coastal Wellness |
| **Attachments:** | Lynch Reply.pdf; 03-07-20.pdf; 3-10-20.pdf; 05-03-20.pdf; Coastal Wellness & Life Coaching Center LLC Mail - Fwd_ Nick.pdf; Coastal Wellness & Life Coaching Center LLC Mail - Office is closed Labor day.pdf; Coastal Wellness & Life Coaching Center LLC Mail - Re_ (No Subject).pdf; Coastal Wellness & Life Coaching Center LLC Mail - Re_ Time card.pdf; Coastal Wellness & Life Coaching Center LLC Mail - Re_ Your silence.pdf; Coastal Wellness & Life Coaching Center LLC Mail - Yikes.pdf; Coastal Wellness & Life Coaching Center LLC Mail - Yikes.pdf; lisasick .xlsx; 2021LISALYNCH.xlsx; 2020LISALYNCH.xlsx; Employee-Totals-2020-01-01-2021-02-28-.xlsx |

Mr. Wimp,

Attached is our response to the demand letter dated August 9, 2021. At that time we provided you with the 1040 of the company which shows $65,070.00 in revenue for 2020. This is far from the $500,000 that you alleged in the complaint a few months after receipt of the return. (While I'm on the issue of tax returns, I would like to get a copy of your client's tax returns for 2020 and 2021. These will show how she reported the funds to the government and will also show other sources of income. Please send those at your earliest convenience. )

You will also notice that the 1040 reports only $5,935 in contract labor and no wages. This does not support a finding of 10 employees that are required for the whistle blower claim. I've also attached the company's "employer totals" report generated by Square. This show all of the company workers between 1/1/2020 and 2/28/21. You will see that there are only 3 people listed, including your client. Others were paid a total of $1,044.62 during the timeframe, which does not support coverage. I'm sure your client will corroborate this information, to the extent that you haven't already had a conversation on this issue.

Further, your client reported her own time to my client and was paid according to the hours that she reported. Based on the facts present here, your client is estopped from claiming these excessive hours now, where she previously misled the Defendant and my client was without knowledge of the actual hours worked. *Brumbelow v. Quality Mills, Inc.,* 462 F.2d 1324, 1327 (5th Cir. 1972). "Binding precedent in this Circuit establishes that the affirmative defense of estoppel is available in response to an FLSA claim where the employee affirmatively misleads the employer regarding the number of hours worked and the employer had no knowledge of the employee's actual hours." *McGlothan v. Walmart Stores, Inc.,* 2006 WL 1679592, at *2 (M.D. Fla. June 14, 2006) (citing *Brumbelow,* 462 F.2d at 1327, and finding that the defendant's assertion of the affirmative defense of estoppel — in that the plaintiff "failed to accurately report[] hours allegedly worked and/or [the] [d]efendant was unaware that [the] [p]laintiff ... worked the hours claimed" — was permissible and sufficiently plead).

You will also see a gap in the records from March 14 2020 and May 2 2020. This was the covid shut down and when Plaintiff started homeschooling her special needs child. Based on your answers to court rogs, it appears that you are claiming that she actually worked 45 hours per week during this timeframe. I am somewhat surprised that your client would swear to working these hours considering she knew this is be false.

I've also attached a number of emails for your review which relate to a few different issues. For instance, times when she went MIA, or times where she said she was not available to answers calls. This runs counter to some of the

1

allegations that have been made and contradicts the Court interrogatories. You will also see that there were times when my client added extra time to her Plaintiff's pay and your client thanked her for the "extra hours".

     I think you can see that there are significant issues with your ability to establish that Defendant was an employer, as defined by Fla. Stat. §448.101(3), or establish enterprise coverage. Beyond those issue, your client appear to have already provided false testimony regarding her hours worked. I think it would be prudent to re-evaluate this case and its viability moving forward. As I explained earlier, if the case moves beyond the Motion to dismiss stage, I intend to move for summary judgment on these clear cut issues. §448.104 provides for attorneys fees and costs to the prevailing party, which we would seek. Further, although the FLSA generally does not provide for fees to a prevailing employer, there are exceptions for instances of bad faith. I think this case is one where it may be appropriate, especially considering the allegation that the company's revenues grossed more than $500k, despite having prior access to the tax returns (this may be a rule 11 issue as well), and given the fact that your client is claiming to have worked when she knows she did not, such as between March and May 2020.

     With all of that being said, I look forward to seeing your latest demand, broken up by category of damage and separately, your fees and costs. I also look forward to seeing the compete response to question 9 of the court's interrogatory, where you claimed $13,500 in fees and costs.

Sincerely,

**Joseph C. Wood, Esq.**

Partner

**Tel:** (321) 953-5998
**Email:** Wood@MelbourneLegalTeam.com
**Web:** www.MelbourneLegalTeam.com

THIS COMMUNICATION, ALONG WITH ANY ATTACHMENTS, MAY CONTAIN INFORMATION THAT IS CONFIDENTIAL, PRIVILEGED OR OTHERWISE EXEMPT FROM DISCLOSURE. IF YOU ARE NOT THE INTENDED RECIPIENT OR A PERSON RESPONSIBLE FOR DELIVERING IT TO THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY DISCLOSURE, COPYING, PRINTING, DISTRIBUTION, FORWARDING, OR USE OF ANY INFORMATION CONTAINED IN OR ATTACHED TO THIS E-MAIL IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THIS E-MAIL IN ERROR, PLEASE IMMEDIATELY NOTIFY US BY RETURN E-MAIL OR TELEPHONE AND DESTROY THE ORIGINAL E-MAIL AND ITS ATTACHMENTS WITHOUT READING, PRINTING, SAVING OR FORWARDING IN ANY MANNER. YOUR COOPERATION IS GREATLY APPRECIATED.