UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

LISA LYNCH,
    Plaintiff,
vs.
COASTAL WELLNESS AND LIFE COACHING CENTER, LLC, A Florida Limited Liability Company,
    Defendant.
_____/

CASE NO.: 6:22-CV-01123-CEM-DAB

## AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff LISA LYNCH (hereinafter "Plaintiff"), by and through her undersigned counsel, and hereby files this Amended Complaint against the Defendants COASTAL WELLNESS AND LIFE COACHING CENTER, LLC, and COASTAL WELLNESS, LLC (hereinafter "Defendants"), both Florida Limited Liability Companies, and alleges as follows:

## INTRODUCTION

1. This is an action by the Plaintiff LISA LYNCH, against her former employers, COASTAL WELLNESS AND LIFE COACHING CENTER, LLC and COASTAL WELLNESS, LLC, for violations of the Florida Whistleblower Act, Florida Statute §448.102 (FWA), the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) (the "FLSA") and the Fla. Const. Art. X § 24. Plaintiff seeks damages, reasonable attorney's fees, declaratory relief, and other relief under Florida Statute §§448.103 – 448.104.

## EXHIBIT B

2. Plaintiff was hired by Defendants in approximately February 2020.

3. Plaintiff was an employee in good standing.

4. Plaintiff seeks all remedies available in law and equity including but not limited to: judgment in her favor and against Defendants; compensation for lost wages, benefits, and other remuneration sustained as a direct result of Defendants' violations; pre-judgement interest; liquidated damages; compensatory damages; injunctive relief; and reasonable attorneys' fees, expert witness fees and costs.

## JURISDICTION & VENUE

5. This is an action at law that raises a federal question under federal law.

6. The Court has jurisdiction over this complaint pursuant to 28 U.S.C. §1331 and has subject matter jurisdiction over Plaintiff's state law claims.

7. The Plaintiff's claims arise under the laws of the United States. Venue is proper pursuant to 28 U.S.C. § 1391.

8. Additionally, the events giving rise to this action occurred within this District.

## PARTIES

9. Plaintiff was an "Administrative Assistant" and performed related activities for Defendants in Florida.

10. At all material times relevant to this action, Defendants, are both a Florida Limited Liability Companies that operate and conduct business in Florida.

11. Plaintiff is a resident of Brevard County, Florida.

## FLSA ENTERPRISE COVERAGE

12. At all times material hereto, Plaintiff was an "employee" of Defendants within the meaning of FLSA.

13. At all times material hereto, Defendants were the "employer" within the meaning of the FLSA.

14. At all material times (2020-2021), Defendants were and are enterprises covered by the FLSA pursuant 29 U.S.C. § 203.

15. At all material times, Defendants were an employer subject to the FLSA's provision on overtime wages.

16. At all material times (2020-2021), Defendants were an employer engaged in commerce or in the production of goods for commerce, in that said enterprise had at least two employees engaged in commerce or in the production of goods for commerce (i.e. office equipment, telephones, computers, pens, and paper), or employees handling, selling, or otherwise working on

goods or materials that have been moved in or produced for commerce by any person.

17. Defendants' employees ran credit card transactions which transacted business in interstate commerce on a daily basis and also handled such goods such as office equipment, telephones, computers, pens, and paper which previously travelled through commerce on a daily basis.

18. At all material times, Defendants had an annual gross volume of sales or business done of not less than $500,000.00, exclusive of excise taxes at the retail level which are separately stated.

19. Defendants employed Plaintiff in the last three (3) years.

## FACTUAL ALLEGATIONS

20. Plaintiff worked as "Administrative Assistant" and performed related activities for Defendants in Florida.

21. Plaintiff worked for Defendants from approximately February 2020 to February 2021.

22. Her duties were to answer all incoming calls and assist patients or anyone else who may call the office.

23. She was paid $11.00 per hour.

24. Her work hours were 9:00am to 5:00pm each workday. She also cleaned the office for 5 hours a week (45 hours per week).

25. However, she was only paid for the time she spent actually on the phone, and not for the time she was required to sit and wait between calls.

26. This pay practice resulted in her being paid for only a few hours per week, instead of the 45 hours that she actually worked during the workweek , therefore resulting in a violation of minimum wage and overtime laws.

27. Additionally, Plaintiff raised ethical concerns with Defendants about being an employee while being a previous and current patient of Defendants.

28. In response, Defendants communicated to Plaintiff in an August 31, 2020, e-mail that "according to the state – our therapeutic relationship had to have ended 10 years ago" in order for Defendants to hire Plaintiff.

29. Despite Defendants being aware of their working relationship being against state regulation, Defendants proceeded with hiring Plaintiff.

30. Plaintiff was classified as a 1099 employee while working for Defendants, despite the working relationship being that of a W2 employee.

31. Plaintiff contacted Defendants in a February 8, 2021, e-mail expressing her misclassification as a 1099 employee, as opposed to W2.

32. Defendants responded to Plaintiff indicating that Defendants could not afford to pay Plaintiff as a W2 employee.

33. Plaintiff was terminated from her employment just days later, on February 19, 2021.

34. There was never an explanation for her termination, other than Plaintiff being retaliated against and ultimately terminated for her complaints regarding Defendants' pay practices and her employment as a whole.

### COUNT I - VIOLATION OF FLORIDA WHISTLEBLOWER ACT AGAINST DEFENDANTS COASTAL WELLNESS AND LIFE COACHING CENTER, LLC, and COASTAL WELLNESS, LLC

35. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-11, 20-24, and 30-34 above.

36. Plaintiff was terminated by the Defendants in retaliation, due to Plaintiff's concerns regarding her misclassification as a 1099 employee.

37. Defendants' action(s) described in paragraph 29-33 above, violated Florida Statutes §448.102.

38. As a direct and proximate result of the Defendants' action described herein, Plaintiff is entitled to relief pursuant to Florida Statutes §448.103(2) as follows:

   a. An injunction restraining continued violation of this act.

   b. Reinstatement of the employee to the same position held before the retaliatory personnel action, or to an equivalent position.

   c. Reinstatement of full fringe benefits and seniority rights.

      d. Compensation for lost wages, benefits, and other remuneration.

      e. Any other compensatory damages allowable at law.

39. Plaintiff is entitled to reasonable attorney's fees pursuant to Florida Statutes §448.104.

WHEREFORE, Plaintiff demands judgment against Defendants, for damages together with interest, reasonable attorney's fees and costs incurred in this action, and any and all further relief that this Court determines to be just and appropriate.

### COUNT II - RECOVERY OF OVERTIME COMPENSATION ("FLSA") AGAINST DEFENDANTS COASTAL WELLNESS AND LIFE COACHING CENTER, LLC, and COASTAL WELLNESS, LLC

40. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-26, and 33 above.

41. Plaintiff worked for Defendants in 2020 and 2021 as an hourly employee for Defendants' business located in Florida.

42. Defendants are an employer doing business in the State of Florida and at all times during Plaintiff's employment was an employer as defined by 29 U.S.C. §203.

43. Throughout Plaintiff's employment, the Defendants repeatedly and willfully violated Section 7 and Section 15 of the FLSA by failing to compensate Plaintiff at a rate not less than one and one half the minimum wage for *all* hours worked over forty in a workweek.

44. Specifically, Plaintiff worked multiple weeks in excess of forty (40) hours a week yet was not compensated for all work in excess of forty (40) hours at the proper rate.

45. Upon information and belief, the records, to the extent any exist, concerning the number of hours worked and amounts paid to Plaintiff are in the possession and custody of Defendants.

WHEREFORE, Plaintiff demands:

a) judgment against Defendants for the payment of all overtime hours at one and one-half the regular rate of pay for the hours worked by her for which Defendants did not properly compensate her;

b) liquidated damages and/or interest;

c) reasonable attorneys' fees and costs incurred in this action;

d) and any and all further relief that this Court determines to be just and appropriate.

## COUNT III - VIOLATION OF THE FLORIDA CONSTITUTION, ARTICLE X, § 24
## (Minimum Wage) AGAINST DEFENDANTS COASTAL WELLNESS AND LIFE COACHING CENTER, LLC, and COASTAL WELLNESS, LLC

45. Plaintiff realleges and reincorporates all allegations contained in Paragraphs 1-11, 20-26, and 33 as if fully incorporated herein.

46.  Plaintiff was entitled to be paid the full minimum wage for each hour worked during employment with Defendants.

47.  Plaintiff routinely complained to her superior about Defendants' illegal pay practices, however, Defendants refused and/or failed to compensate Plaintiff for these violations.

48.  Defendants willfully failed to pay Plaintiff the full minimum wage for one or more weeks of work contrary to Article X, Section 24 of the Florida Constitution.

49.  As a direct and proximate result of Defendants' deliberate underpayment of wages, Plaintiff has been damaged in the loss of minimum wages for one or more weeks of work during her employ with Defendants.

WHEREFORE, Plaintiff, demands judgment against Defendants for unpaid minimum wages, an additional and equal amount of liquidated damages, reasonable attorneys' fees and costs incurred in this action, and any and all further relief this Court deems just and appropriate.

## **DEMAND FOR JURY TRIAL**

50.  Plaintiff demands a jury trial on all issues so triable against Defendants.

DATED this ___day of January 2023.

                                      Respectfully submitted,
                                      <u>s/ Edward W. Wimp</u>
                                      Edward W. Wimp, Esquire – LEAD COUNSEL

FBN: 1015586
Email: ewimp@theleachfirm.com

Anthony Hall, Esquire
FBN: 0040924
Email: ahall@theleachfirm.com

THE LEACH FIRM, P.A.
631 S. Orlando Ave., Suite 300
Winter Park, FL 32789
Telephone: (407) 574-4999
Facsimile: (833) 813-7513

Attorneys for Plaintiff