UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

Lisa Lynch
    Plaintiff,

v.                                              Case No.:    6:22-cv-01123
Coastal Wellness and Life
Coaching Center, LLC
    a Florida Limited Liability Company,
    Defendant
_____/

**RESPONSE IN OPPOSITION TO PLAINTIFF'S
MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT [Doc. 26]**

Defendant, Coastal Wellness and Life Coaching Center, LLC ("Defendant") by and through the undersigned attorney, files this Response in Opposition to Plaintiff, Lisa Lynch's, ("Plaintiff") Motion for Leave to File an Amended Complaint and in support states as follows:

## I. BACKGROUND

1. On or about January 24, 2022, Plaintiff filed her three-count complaint against Defendant, asserting violations of the Florida Whistleblower Act ("FWA"), Fair Labor Standards Act ("FLSA"), and the Florida Constitution ("FMWA") during her employment between February 2020 and February 2021.[1]

---

[1] Doc. 1-1.

2. On June 29, 2022, Defendant timely removed the action to this Court[2] and moved to dismiss the complaint for failure to state a claim for relief.[3] That motion remains pending.

3. The parties have exchanged documents pursuant to the Court's scheduling order[4] and the Court's December 9th, 2020, order.[5]

4. As part of the exchange of documents, Defendant has provided its tax returns for 2020 and 2021 which show $65,070.00 and $90,324.00, respectively, in gross receipts or sales. [6]

5. On January 12, 2022, Plaintiff reached out to Defendant pursuant to local rule 3.01(g) to inquire as to whether Defendant objected to her filing a motion or leave to amend her complaint.[7]

6. Defendant's motion argues that a new entity, Coastal Wellness, LLC was formed on August 3, 2021, and she requests leave to add it as a defendant in this matter and hold it liable to the Plaintiff for her claims which stem from her alleged employment between February 2020 and February 2021. In support of

---

[2] Doc. 1
[3] Doc. 6.
[4] Doc. 16
[5] Doc. 21
[6] Exhibit A
[7] Exhibit B

her motion, Plaintiff attaches the Sunbiz reports for Defendant and Coastal Wellness, LLC.[8]

7. Defendant responded via email at 9:00pm and objected to the motion. Defendant explained that it appears Plaintiff is attempting to establish enterprise coverage under the single enterprise theory, however a single enterprise does not establish *liability* for both defendants. Moreover, because Coastal Wellness, LLC was not formed until six (6) months after Plaintiff's termination, there is no factual or legal basis to hold it liable to the Plaintiff under the joint employer theory. Defendant requested Plaintiff to provide any caselaw which might suggest otherwise.

8. Plaintiff filed her motion 30 minutes after receiving Defendant's email. [9]

## II.   APPLIABLE LAW

**Leave to Amend**

Federal Rule of Civil Procedure 15 provides that a party may amend its pleading once as a matter of course within twenty-one days of service of either that party's pleading or a Rule 12(b) motion. Fed. R. Civ. P. 15(a). Otherwise, a party may only file an amended pleading with the written consent of the opposing

---

[8] Doc. 26-1.
[9] Plaintiff did make one correction mentioned by Defendant. She changed the styling of the proposed complaint to reflect the current styling and pled a basis for federal jurisdiction, as opposed to circuit court jurisdiction.

party or leave of court. *Id.* While leave to amend should be freely granted, *id.,* a court need not grant leave to amend where (1) there has been undue delay, bad faith, dilatory motive, or repeated failure to cure deficiencies by previous amendments; (2) allowing amendment would cause undue prejudice to the opposing party; or (3) amendment would be futile. Bryant v. Dupree, 252 F.3d 1161, 1163 (11th Cir. 2001) (citing Forman v. Davis, 371 U.S. 178, 182 (1962)).

**FLSA Enterprise Coverage**

To state a claim for unpaid overtime wages under the FLSA, a plaintiff must allege sufficient facts to show that (1) the defendant employed him or her; (2) either the defendant constitutes an enterprise engaged in interstate commerce so as to qualify for "enterprise coverage," or the FLSA covers the plaintiff through "individual coverage"; (3) the plaintiff worked in excess of a 40-hour work week (4) the defendant failed to pay overtime wages to the plaintiff. *See* Morgan v. Family Dollar Stores, Inc., 551 F.3d 1233, 1277 n.68 (11th Cir. 2008); Sims v. Unation, LLC, 292 F. Supp. 3d 1286, 1292 (M.D. Fla. 2018).

Pursuant to Fla. Stat. §448.110(3), Plaintiff must show that they are entitled to minimum wage under the FLSA to be eligible for state minimum wage pursuant to s. 24, Art. X of the Florida Constitution. Therefore, to establish a claim for unpaid minimum wages under the FMWA, Plaintiff must still show coverage under the FLSA.

*Single Enterprise*

To establish that two entities are a single enterprise, a plaintiff must demonstrate: (1) related activities; (2) unified operation or common control; and (3) a common business purpose. Donovan v. Easton Land & Dev. Co.*,* 723 F.2d 1549, 1551 (11th Cir. 1984). Because the FLSA is to be construed liberally, Dunlop v. Ashy, 555 F.2d 1228, 1234 (5th Cir. 1977), the Court must construe the definition of "enterprise" liberally, *Williams v. Johnny Kynard Logging, Inc.,* No. 2:11-CV-2138-VEH, 2013 WL 2107658, at *6 (N.D. Ala. May 10, 2013). Whether two entities constitute an enterprise is a question of law for the court to decide. *Cabral v. Lakes Café Sports Bar & Grill, Inc.,* No. 09-21128-CIV, 2010 WL 1372457, at *3 (S.D. Fla. Mar. 31, 2010) (citing Tafalla v. All Fla. Dialysis Serv., Inc*.,* No. 07-80396, 2009 WL 151159, at *9 (S.D. Fla. Jan. 21, 2009)).

However, establishing that two entities are a single enterprise does not establish that both are potentially liable. Patel v. Wargo, 803 F.2d 632, 636 (11th Cir. 1986). Instead, whether entities are a single enterprise is relevant to determining coverage under the FLSA. *Id.* at 635. To establish liability for two entities, the plaintiff must show that there is a joint employer relationship. *Id.* ("There is no suggestion in the language of the [FLSA] that an employer is responsible to other employers' employees, unless of course there is a joint employer relationship.").

*Joint Employer*

"A joint employer relationship can be found where `one employer[,] while contracting in good faith with an otherwise independent company, has retained for itself sufficient control of the terms and conditions of employment of the employees who are employed by the other employer.'" E.E.O.C. v. Papin Enters., 6:07-cv-1548-Orl-17GJK, 2009 WL 961108, at *8 (M.D. Fla. Apr. 7, 2009) (quoting Virgo v. Riviera Beach Assocs., 30 F.3d 1350, 1360 (11th Cir. 1994)). In determining whether entities are joint employers, a court "focus[es] on the entities' relationships to a given employee or class of employees." Peppers v. Cobb Cty., Ga., 835 F.3d 1289, 1300 (11th Cir. 2016) (quoting Sandoval v. City of Boulder, Colo., 388 F.3d 1312, 1324 (10th Cir. 2004)). "A determination of joint employment status under the FLSA is a question of law." Tafalla, 2009 WL 151159, at *5 (citing Antenor v. D&S Farms, 88 F.3d 925, 929 (11th Cir. 1996).

In determining whether a joint employment relationship exists, a court looks to the "economic reality" of the relationship between the plaintiff and the alleged employer "to determine whether the surrounding circumstances show that the plaintiff is economically dependent on the putative employer." *Id.* (citing Goldberg v. Whitaker House Co-op., Inc., 366 U.S. 28, 33 (1961)). The following factors have been identified by the Eleventh Circuit as relevant to the determination of whether an employee is economically dependent on, and employed by, another entity: (1)

6

the nature and degree of control of the alleged joint employer over the employee; (2) the degree of supervision over work, either direct or indirect; (3) the right to hire, fire, or modify the employment conditions; (4) the power to determine the workers' pay or method of payment; (5) the preparation of payroll and payment of wages; (6) the ownership of facilities where the work occurred; (7) the performance of a job integral to the business, and (8) the relative investment in the equipment and facilities. *Id.* (citing Antenor v. D&S Farms, 88 F.3d 925, 929 (11th Cir. 1996)). These factors are weighted collectively and qualitatively. *Id.* (citing Antenor, 88 F.3d at 929).

### III.   ARGUMENT

Plaintiff's proposed amendment is futile because neither the single enterprise theory nor the joint employer theory will provide coverage or liability in this case.

*No single enterprise*

The single enterprise theory cannot establish coverage for 2020 or 2021 because the proposed defendant was not formed until six (6) months after Plaintiff stopped working for Defendant. Even if Coastal Wellness, LLC's revenues[10] were relevant to the determination of enterprise coverage for 2021[11], there is no basis to apply it to Plaintiff's employment during 2020.

---

[10] Coastal Wellness, LLC has $0.00 in revenue since its formation.
[11] To provide enterprise coverage in 2021, Plaintiff will need to show that Coastal Wellness, LLC generated $ 409,676.00 between its formation on August 3, 2021, and

7

*No Joint Employer*

As for liability under the joint employer theory, the Plaintiff was not economically dependent on Coastal Wellness, LLC nor can she establish any of the eight (8) factors identified by the Eleventh Circuit as relevant to the determination of whether an employee is economically dependent on, and employed by, another entity.

**(1) The Nature and Degree of Control**

Coastal Wellness, LLC had no control over Plaintiff because Coastal Wellness, LLC did not exist during Plaintiff's tenure.

**(2) The Degree of Supervision Over Work**

Coastal Wellness, LLC did not supervise Plaintiff's work because Coastal Wellness, LLC did not exist during Plaintiff's tenure.

**(3) The Right to Hire, Fire, Or Modify the Employment Conditions**

Coastal Wellness, LLC did not have the right to hire, fire, or modify Plaintiff's employment conditions because Coastal Wellness, LLC did not exist during Plaintiff's tenure.

---

December 31, 2021. Plaintiff is in possession of Defendant's tax returns for 2020 and 2021 which shown less than $100,000 per year in revenue. Plaintiff cannot have a reasonable basis to believe that Coastal Wellness, LLC more than quadrupled the yearly revenues of the business during this timeframe.

**(4) The Power to Determine the Workers' Pay or Method of Payment**

Coastal Wellness, LLC did not have the power to determine Plaintiff's pay or method of payment because Coastal Wellness, LLC did not exist during Plaintiff's tenure.

**(5) The Preparation of Payroll and Payment of Wages**

Coastal Wellness, LLC was not involved in the preparation of payroll and payment of Plaintiff's wages because Coastal Wellness, LLC did not exist during Plaintiff's tenure.

**(6) The Ownership of Facilities Where the Work Occurred.**

Plaintiff worked from her personal home, which is not owned by Coastal Wellness, LLC. Nonetheless, Coastal Wellness, LLC could not have owned the facilities where work occurred, whether it be Plaintiff's home or Defendant's office, because Coastal Wellness, LLC did not exist during Plaintiff's tenure.

**(7) The Performance of a Job Integral to The Business**

Plaintiff did not perform a job integral to Coastal Wellness, LLC's business because Coastal Wellness, LLC did not exist when Plaintiff performed any of the alleged work.

**(8) The Relative Investment in The Equipment and Facilities.**

Coastal Wellness, LLC did not invest in any of the equipment or facilities used by Plaintiff to perform her duties, because Coastal Wellness, LLC did not exist during Plaintiff's tenure.

**Assessment of the Factors**

Of the eight factors, Plaintiff cannot and will not be able to establish any because Coastal Wellness, LLC did not exist when Plaintiff worked for Defendant. As such, Plaintiff's proposed amendment adding Coastal Wellness, LLC as a Defendant would be futile, and her motion is due to be denied.

**WHEREFORE**, Defendant, COASTAL WELLNESS AND LIFE COACHING CENTER, LLC, respectfully requests the Court enter an Order denying Plaintiff's motion for leave to file an amended complaint because the proposed amendment is futile, and award Defendant its attorney fees and costs.

> ARCADIER, BIGGIE and WOOD, PLLC
> */s/ Joseph C. Wood, Esquire*
> Joseph C. Wood, Esquire

## **CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that the original of the foregoing was filed with the Clerk of Court by using the CM/ECF system on this 13th day of January 2023.

        ARCADIER, BIGGIE and WOOD, PLLC

        */s/ Joseph C. Wood, Esquire*
        Joseph C. Wood, Esquire
        Florida Bar No.: 0093839
        Maurice Arcadier, Esquire
        Florida Bar No. 0131180
        2815 W. New Haven, Suite 304
        Melbourne, Florida 32904
        Primary Email: Office@ABWlegal.com
        Secondary Email: Wood@ABWlegal.com
        Phone: (321) 953-5998
        Fax: (321) 953-6075