UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**LISA LYNCH,**

        **Plaintiff,**

v.                                   Case No: 6:22-cv-1123-CEM-DAB

**COASTAL WELLNESS AND LIFE
COACHING CENTER, LLC,**

        **Defendant.**

## REPORT AND RECOMMENDATION

Lisa Lynch (Plaintiff) initiated this case against Coastal Wellness and Life Coaching Center, LLC (Defendant) pursuant to the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201 *et seq*, the Florida Whistleblower Act, and the Florida Constitution. Doc. 1. By Order dated December 9, 2022, the Court referred the matter to the undersigned to conduct a settlement conference. Doc. 21. On January 26, 2023, the undersigned conducted the conference, and the parties reached separate settlements with respect to Plaintiff's wage claims (the Wage Claims Agreement) and unrelated claims (the Non-Wage Claims Agreement).

With respect to the Wage Claims Agreement, the parties agreed at the settlement conference on the record that Defendant will pay Plaintiff $15,000 ($5,000 as W-2 wages; $5,000 as 1099 liquidated damages; $500 for the Florida Whistleblower Act claim; and $4,500 in attorney fees and costs) within 10 days of the date the Court approves the settlement. To the extent that Plaintiff even compromised the wage claims—it did not appear that a significant compromise occurred—the undersigned recognizes that it is incumbent on the Court to review the reasonableness of the proposed settlement. *See Lynn's Food Stores, Inc. v. U.S. Dep't of Labor*,

679 F.2d 1350 (11th Cir. 1982). The undersigned did so at the conference and recommends that the Wage Claims Agreement is a reasonable compromise of a bona fide dispute between the parties represented by competent counsel. The compromise is reasonable in light of the costs and uncertainty of further litigation and the amount is fair and reasonable based on the undersigned's knowledge of the case.

Further, pursuant to 29 U.S.C. § 216(b), "[t]he court [in an FLSA action] shall . . . allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." During the settlement conference, the parties negotiated separately the issue of attorney fees and costs without regard to the amount paid to Plaintiff. The undersigned finds that the agreement concerning fees and costs does not affect the payment to Plaintiff or the fairness and reasonableness of the settlement. *See Bonetti v. Embarq Mgmt. Co.*, 715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009).

Also, based on the representations at the settlement conference, the undersigned recommends that there are no other potentially problematic terms that affect the overall fairness of the Wage Claims Agreement, the parties' settlement is otherwise reasonable on its face, and no further review is required.

Finally, the undersigned finds that the parties' separate Non-Wage Claims Agreement does not affect the fairness and reasonableness of the Wage Claim Agreement.

Based on the foregoing, the undersigned **RECOMMENDS** that the Court:

1. find the Wage Claims Agreement to be a fair and reasonable settlement of Plaintiff's wage claims;

2. **DISMISS** the case with prejudice; and

3. **DIRECT** the Clerk of Court to close the case.

**NOTICE TO PARTIES**

The party has fourteen days from the date the party is served a copy of this report to file written objections to this report's proposed findings and recommendations or to seek an extension of the fourteen-day deadline to file written objections. 28 U.S.C. § 636(b)(1)(C). A party's failure to serve and file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1; 28 U.S.C. § 636(b)(1).

Recommended in Orlando, Florida on January 26, 2023.

DANIEL C. IRICK
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy